UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 11-88-GWU

MARIA STONE
(Personal Representative of the
 Estate of Kenneth D. Stone),                                                      PLAINTIFF,


VS.                                    **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.


## INTRODUCTION

Kenneth Stone brought this action to obtain judicial review of an administrative decision on his application for Supplemental Security Income (SSI). Maria Stone was substituted as the plaintiff by court order in September of 2011 following the death of her husband. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his

1

11-88  Maria Stone
(Personal Representative of the
Estate of Kenneth D. Stone)

      physical or mental ability to do basic work activities?  If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

      Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall

                                                    11-88  Maria Stone
                                                    (Personal Representative of the
                                                     Estate of Kenneth D. Stone)

accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not

11-88  Maria Stone
(Personal Representative of the
 Estate of Kenneth D. Stone)

form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry

4

11-88  Maria Stone
(Personal Representative of the
Estate of Kenneth D. Stone)

small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

11-88  Maria Stone
(Personal Representative of the
Estate of Kenneth D. Stone)

### DISCUSSION

The Administrative Law Judge (ALJ) concluded that Kenneth Stone, a 47-year-old man with a high school education, suffered from impairments related to diabetes, hypertension and cardiomegaly. (Tr. 14, 17). While Stone was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of sedentary level work. (Tr. 16-17). Since the available work was found to constitute a significant number of jobs in the national economy, he could not be considered to be totally disabled. (Tr. 18). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to sedentary level work, restricted from a full range by non-exertional restriction as: (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb ramps or stairs, balance, kneel, crouch and crawl; (3) a need to avoid concentrated exposure to extreme cold, heat, wetness, or humidity; (4) a need to avoid all exposure to hazardous machinery

            11-88  Maria Stone
            (Personal Representative of the
             Estate of Kenneth D. Stone)

and heights; and (5) the need for occasional breaks. (Tr. 50-51). In response, Ellis identified a significant number of jobs which could still be performed. (Tr. 51). Therefore, assuming that the vocational factors considered by the expert fairly characterized Stone's past relevant work, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

  The hypothetical question fairly characterized Stone's condition as required by <u>Varley</u>. Dr. Timothy Gregg reviewed the record and opined that the claimant would be limited to light level work, restricted from a full range by an inability to ever climb ladders, ropes or scaffolds, an inability to more than occasionally climb ramps or stairs and a need to avoid exposure to hazards such as machinery and heights. (Tr. 263-270). In October of 2006, Stone was treated at Lake Cumberland Regional Hospital for a hypertensive emergency.[1] (Tr. 184-189). He was released with no activity restrictions. (Tr. 185). More severe, specific physical restrictions were not identified by such treating and examining sources as the staff at Lake Cumberland Regional Hospital (Tr. 190-240, 297-336) and the staff at Lake Cumberland Medical

---

[1] This was after Stone's alleged onset date of September 29, 2006 but before his SSI filing date of October 24, 2008. (Tr. 102). The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date. <u>Casey v. Secretary of Health and Human Services</u>, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, this report was issued before the time period pertinent to this appeal. Nevertheless, the report does not support his disability claim.

                                            11-88  Maria Stone
                                            (Personal Representative of the
                                             Estate of Kenneth D. Stone)

Associates (Tr. 251-262).  Psychologist Ilze Sillers reviewed the record and opined that Stone did not suffer from a "severe" mental impairment.  (Tr. 271).  These reports provide substantial evidence to support the administrative denial decision.

Tim Poynter, a nurse-practitioner at Lake Cumberland Medical Associates, indicated that he supported Stone's efforts to obtain disability in a December, 2008 letter.  (Tr. 242).  The ALJ rejected this opinion because it was inconsistent with the overall medical record and also because this was an issue reserved to the Commissioner under the federal regulations at 20 C.F.R. § 416.927(e)(1).  (Tr. 17).  The court notes that as a nurse-practitioner, Poynter would also not be an "acceptable medical source" whose opinion could be binding on the administration.  20 C.F.R. § 416.913.  Therefore, Poynter's disability opinion was properly rejected by the ALJ.

The plaintiff argues that the ALJ did not properly consider the combination of Stone's impairments.  However, while making this assertion, the plaintiff does not specify how the ALJ erred on this point.  The undersigned has already concluded that the hypothetical factors fairly depicted the claimant's condition.  Thus, the ALJ implicitly considered all of his impairments in proper combination.  Therefore, the court must reject the plaintiff's argument.

                                                11-88  Maria Stone
                                                (Personal Representative of the
                                                 Estate of Kenneth D. Stone)

The plaintiff asserts that the ALJ did not properly consider Stone's testimony regarding the effects of his medical impairments.  However, the ALJ noted that the claimant's activities were inconsistent with claims of disabling symptoms.  (Tr. 17).  Among the factors cited by the ALJ were Stone's admission of continuing to perform odd jobs involving activities such as loading hay, stripping tobacco, mowing lawns and performing other outside work around houses.  (Tr. 17, 29, 36).  He testified that he assisted a friend by getting her mail, taking out her trash and otherwise assisting her with the things she needed done.  (Tr. 17, 35).  The ALJ was also influenced by the claimant's admission that relocation and economic factors had played a role in his decision to stop working.  (Tr. 17, 30-31).

Another factor cited by the ALJ was that the medical evidence indicated that Stone's diabetes and hypertension had generally been under reasonably good control during the relevant time period.  (Tr. 17).  As noted by the defendant, in November of 2007, when the claimant first established care at Lake Cumberland Medical Associates with Poynter, his blood pressure reading was 130/70 and his hypertension was reported as stable.  (Tr. 261).  On June 20, 2008, Stone was treated at the Emergency Room of Lake Cumberland Hospital with "moderately" severe hypertension.  (Tr. 201).  He admitted not having taken his medications.  (Id.).  His examination was otherwise normal and he was discharged home.  (Tr.

11-88  Maria Stone
(Personal Representative of the
 Estate of Kenneth D. Stone)

198-199).  When seen one week later at Lake Cumberland Medical Associates, his blood pressure reading was 130/78 and his hypertension noted to be much improved.  (Tr. 257).  In November of 2008, Poynter noted that the claimant's blood pressure was up and he admitted having been out of medication for several days.  (Tr. 254).  The claimant was instructed to get his medications refilled immediately.  (Id.).  His physical examination results were otherwise largely normal.  (Id.).  In January of 2009, Stone was seen at Lake Cumberland Regional Hospital with elevated blood pressure and an abscessed tooth.  (Tr. 298).  He was advised to follow-up with his dentist and family physician.  (Id.).  In February of 2009, his blood sugar was elevated and he was warned to watch his diet more closely.  (Tr. 253).  In July of 2009, the claimant was again treated at Lake Cumberland Regional Hospital with elevated blood pressure.  (Tr. 312).  After an adjustment of his medications, his condition improved and the blood pressure came under reasonably good control.  (Id.).  His diabetes remained under good control during the hospitalization.  (Tr. 313).  The patient was discharged home in much improved condition and his prognosis was said to be good.  (Tr. 314).  These reports support the administrative finding.

The court notes subjective complaints of pain and other symptoms are to be evaluated under the standards announced in Duncan v. Secretary of Health and

10

11-88  Maria Stone
(Personal Representative of the
 Estate of Kenneth D. Stone)

Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain and symptoms arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain and symptoms.  In the present action, even if Stone could be found to have satisfied the first prong of the so-called Duncan test, he does not meet either of the alternative second prongs.  Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and symptoms and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling problems.  Therefore, the court finds no error with the ALJ's handling of the issue of Stone's credibility.

The undersigned concludes that the administrative decision should be affirmed.   A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of December, 2011.

Signed By:

G. Wix Unthank
United States Senior Judge